| UNITED STATES BANKRUPTCY COURT | 13-3589448 |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------

In Re:                          Return Date: 11/10/11
                                Time: 11:00 A.M.

**ANGELITA B. PELAEZ a/k/a**        Chapter 7
**ANGELITA B. BERANGO**,           Case No. 11-46840-CEC

               Debtor.

------------------------------------------------------------

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§541 AND 542, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 7001, 9006, 9013 AND 9014 TO TURN OVER PERSONAL INJURY FILE**

**TO THE HONORABLE CARLA E. CRAIG,
UNITED STATES BANKRUPTCY JUDGE:**

        The Motion of Robert L. Geltzer, Trustee by his attorney, the Law Offices of Robert L. Geltzer, for an Order to Turn Over the Personal Injury file of the Debtor respectfully represents:

        1. On August 9, 2011 a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code was filed by Angelita B. Pelaez (the "Debtor") in the United States Bankruptcy Court for the Eastern District of New York.

        2. The United States Trustee appointed Robert L. Geltzer as the interim trustee on or about August 9, 2011 pursuant to 11 U.S.C. § 701, and he became permanent Trustee pursuant to Section 702(d) of the Bankruptcy Code, and has been, and is, acting as such.

        3. Upon information and belief, Howard A. Raphaelson, Esq., Pre-petition personal injury counsel to the Debtor (hereafter "The Personal Injury Attorney") is an attorney, and conducts business at 14 Penn Plaza, Suite 1718, New York, New York 10122.

4. The Trustee claims that The Personal Injury Attorney is holding property of the estate in the form of a personal injury file containing documents, medical information and otherwise in connection with a cause of action for personal injuries sustained by the Debtor.

5. Said file is property of the estate as provided for in § 541 of the Bankruptcy Code.

6. On or about September 16, 2011, the Trustee wrote to The Personal Injury Attorney demanding information about a personal injury action sustained pre-petition by the Debtor to determine whether to seek the retention of The Personal Injury Attorney, or another, as special personal injury counsel to the Trustee or, in the alternative, for The Personal Injury Attorney to turn over to the Trustee said file.

7. Through said September 16, 2011 letter and the latter correspondence, the Trustee attempted to explain to The Personal Injury Attorney the need to provide such information or to turn over the file. The Personal Injury Attorney has failed to respond properly to such letters and to telephone calls, and has refused to turn over said file. My September 16, 2011 letter prompted a telephone call on September 30, 2011 during which The Personal Injury Attorney left a message with my secretary stating that he was in the process of settling the case. To that, I responded by my handwritten note at the bottom of my September 16, 2011 letter that he had no authority to do so. Whereupon, I received an additional telephone call from The Personal Injury Attorney to whom my secretary, upon my instructions, told to respond to me in writing, and thereafter I would speak with him. I followed that up with my October 5, 2011 letter to which The Personal Injury Attorney responded on October 5, 2011 but, as his letter evidences, certainly did not provide me with sufficient substantive information upon

which I could make a determination -- or have one made by another personal injury attorney -- that the $25,000.00 offer was reasonable and appropriate. Thus, I sent another handwritten note, as shown, stating: "Send complete response and pleadings." The Personal Injury Attorney telephoned again and I spoke with him, again attempting to explain the situation to which he responded: "I do not consider you my client.", and, furthermore, offered to pay me a one-third referral fee. At that point, I told him that I would bring the extant motion and hung up. All of the above referenced correspondence is annexed hereto and cumulatively marked as Exhibit "A".

      8. Based on the foregoing, and pursuant to §§ 542 of the Bankruptcy Code, The Personal Injury Attorney must turn over said file to the Trustee.

      9. In light of the fact that no novel issues of law are raised by this Motion, the Trustee respectfully requests that any requirement for filing of a memorandum of law under any Local Bankruptcy Rule be waived.

      10. No prior motion seeking the relief requested has been made to this or any other Court.

      11. The following "wherefore" clause demands a turnover of the entire file; this is demanded for no noetic purpose but, rather, is based upon the Trustee's experiences of almost two decades with several pre-petition personal injury attorneys from whom a file was turned over, voluntarily or by order, but which did not contain the entire file (which must include medical reports, police reports, x-rays, etc.) and whose incompleteness subsequently impairs or prejudices Trustee's duly appointed Court ordered special personal injury attorney in the prosecution of the cause of action for the benefit of creditors. In like vein, the "wherefore" clause also asks that the "original" file be turned over for the same reasons inasmuch as original medical reports, x-trays, etc.,

are needed for introduction into evidence at any trial that may ensue. In further like vein, the "wherefore" clause also demands that the file be turned over within ten (10) days. It seems that ten days to turn over a file is more than ample; indeed, it should be able to be accomplished the same or the next day, and if pre-petition personal injury attorney wishes to make any copies of that file for the purpose of asserting any lien to which they think they may be entitled, they should accomplish that copying without further delaying the Trustee and the prosecution of the personal injury action, already further delayed for many months by the failure of the personal injury attorney to respond and, thereby, creating the necessity for the extant motion.

WHEREFORE, the Trustee respectfully requests that this Court: Order Howard A. Raphaelson, Esq. to turn over to the entire, original personal injury file of the Debtor to the Trustee within ten (10) days of granting an Order on this Motion; and the cost and expenses of this Motion; and grant such other and further relief as may seem just and proper.

Dated: New York, New York
       October 12, 2011

                                        Law Offices of
                                        ROBERT L. GELTZER
                                        Counsel to Trustee

                                        By: /s/ Robert L. Geltzer
                                            Robert L. Geltzer (RG 4656)
                                            A Member of the Firm
                                            1556 Third Avenue, Suite 505
                                            New York, New York 10128
                                            (212) 410-0100